1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | SCOTT D. STONER,  Civil No.   11-1951 LAB (CAB)
12 | CDCR #K-40009,

Plaintiff,    **ORDER:**

13

**(1)  GRANTING MOTION TO**
14 | **PROCEED *IN FORMA PAUPERIS*,**
**IMPOSING NO INITIAL PARTIAL**
15 | vs.    **FILING FEE, GARNISHING $350**
**FROM PRISONER'S TRUST**
16 | **ACCOUNT [ECF No. 2];**

17
L.S. McEWEN; S. ANDERSON;   **(2) DENYING MOTION FOR**
18 | K. BALL; S. JARAL; J. HURTADO;   **APPOINTMENT OF COUNSEL**
K. HATFIELD; V. WALLS;   **[ECF No. 3]; and**
19 | M. DELEON; M. BISHOP; SHAFT;
EVANS; J. FAWCETT; J. GONZALES,   **(3)  SUA SPONTE DISMISSING**
20 |     **COMPLAINT FOR FAILING**
Defendants.    **TO STATE A CLAIM**
21 |     **PURSUANT TO**
     **28 U.S.C. §§ 1915(e)(2) & 1915A(b)**
22
23

24      Scott D. Stoner ("Plaintiff"), a state prisoner currently incarcerated at Calipatria State
25 | Prison  located in Calipatria, California  and proceeding pro se, has filed a civil rights action
26 | filed pursuant to 42 U.S.C. § 1983.  Plaintiff has not prepaid the $350 filing fee mandated by 28
27 | U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant
28 | to 28 U.S.C. § 1915(a) [ECF No. 2], along with a Motion to Appoint Counsel [ECF No. 3].

# I.

## MOTION TO PROCEED IFP [ECF NO. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account statement (or institutional equivalent) ... for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4); *Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1) [ECF No. 2] as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. Plaintiff's trust account currently indicates that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2], and assesses no initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (court shall

1   assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no event

2   shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has

3   no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850

4   (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

5   IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when

6   payment is ordered."). However, Plaintiff is required to pay the full $350 filing fee mandated

7   by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison

8   trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

9                                                **II.**

10                 **MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 3]**

11        Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil

12   action. The Constitution provides no right to appointment of counsel in a civil case, however,

13   unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept.*

14   *of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district

15   courts are granted discretion to appoint counsel for indigent persons. This discretion may be

16   exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th

17   Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the

18   'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se

19   in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and

20   both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*,

21   789 F.2d 1328, 1331 (9th Cir. 1986)).

22        The Court denies Plaintiff's request without prejudice, as neither the interests of justice

23   nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*,

24   827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

25                                               **II.**

26               **SUA SPONTE SCREENING PER 28 U.S.C. §§ 1915(e)(2) & 1915A**

27        The PLRA also obligates the Court to review complaints filed by all persons proceeding

28   IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused

1  of,0 sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

2  conditions of parole, probation, pretrial release, or diversionary program," "as soon as

3  practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these

4  provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion

5  thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

6  defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203

7  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,

8  446 (9th Cir. 2000) (§ 1915A).

9       Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

10  dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is

11  frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

12  324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

13  an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

14  the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection

15  1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

16  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

17  (discussing 28 U.S.C. § 1915A).

18       "[W]hen determining whether a complaint states a claim, a court must accept as true all

19  allegations of material fact and must construe those facts in the light most favorable to the

20  plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

21  "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's

22  duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

23  839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*

24  *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

25       Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person

26  acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

27  the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

28  United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*

1   *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d

2   1350, 1354 (9th Cir. 1985) (en banc).

3        In his Complaint, Plaintiff alleges that he was injured when he was being escorted

4   through an area that had "water all over the floor," and as a result, Plaintiff "slipped and fell

5   landing on his buttock." (Compl. at 4.)  Defendant Hurtado "saw Plaintiff fall and ran over and

6   tried to pick Plaintiff up" which Plaintiff claims resulted in further injuries. (*Id.*)  These claims,

7   as alleged, fail to state an Eighth Amendment claim.  The Eighth Amendment, which prohibits

8   "cruel and unusual punishments," imposes a duty on prison officials to provide humane

9   conditions of confinement and to take reasonable measures to guarantee the safety of the

10  inmates. *Helling v. McKinney*, 509 U.S. 25, 31-33 (1993).  However, every injury suffered by

11  an inmate does not necessarily translate into constitutional liability for prison officials.

12  *Osolinski v. Kane*, 92 F.3d 934, 936-37 (9th Cir. 1996); *Rhodes v. Chapman*, 452 U.S. 337, 349

13  (1981) (noting that the U.S. Constitution "does not mandate comfortable prisons.").

14       Thus, to assert an Eighth Amendment claim for deprivation of humane conditions of

15  confinement a prisoner must satisfy two requirements:  one objective and one subjective.

16  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir.

17  1994).  Under the objective requirement, the plaintiff must allege facts sufficient to show that

18  "a prison official's acts or omissions . . . result[ed] in the denial of the 'minimal civilized

19  measure of life's necessities.'"  *Farmer*, 511 U.S. at 834 (quoting *Rhodes*, 452 U.S. at  347).

20  This objective component is satisfied so long as the institution "furnishes sentenced prisoners

21  with adequate food, clothing, shelter, sanitation, medical care, and personal safety." *Hoptowit*

22  *v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Farmer*, 511 U.S. at 534; *Wright v. Rushen*, 642

23  F.2d 1129, 1132-33 (9th Cir. 1981).  The subjective requirement, relating to the defendant's state

24  of mind, requires that the plaintiff allege facts sufficient to show "deliberate indifference."

25  *Allen*, 48 F.3d at 1087.  "Deliberate indifference" exists when a prison official "knows of and

26  disregards an excessive risk to inmate health and safety; the official must be both aware of facts

27  from which the inference could be drawn that a substantial risk of serious harm exists, and he

28  must also draw the inference." *Farmer*, 511 U.S. at 837.

1    Here, Plaintiff's allegations fail to state an Eighth Amendment claim because they do not

2    rise to the level of a serious safety hazard. *See Osolinski*, 92 F.3d at 939 (finding that prisoner's

3    injury due to faulty oven door was not sufficient to state an Eighth Amendment cruel and

4    unusual punishment claim because Plaintiff did not plead any "exacerbating conditions" which

5    rendered him unable to "provide for [his] own safety," i.e., that prison officials precluded him

6    from avoiding the faulty oven door or rendered him unable to perceive its defective condition);

7    *see also Tunstall v. Rowe*, 478 F. Supp. 87, 89 (N. D. Ill. 1979) (the existence of a greasy

8    staircase which caused a prisoner to slip and fall did not violate the Eighth Amendment).  As

9    currently pleaded, the Court finds that Plaintiff alleges no facts which are sufficient to show that

10   the conditions of confinement were objectively and demonstrably unsafe, and further fails to

11   allege facts which show that any of the named Defendants were actually aware and consciously

12   disregarded the risk posed. *See Helling*, 509 U.S. at 36 (exposure to demonstrably unsafe

13   conditions may violate the Eighth Amendment if the inmate can show that the risk he faced was

14   "so grave that it violates contemporary standards of decency"); *Farmer*, 511 U.S. at 828-29

15   (deliberate indifference requires a showing that specific prison officials were "subjectively aware

16   of the risk").

17   Accordingly, Plaintiff's Eighth Amendment conditions of confinement claims are

18   dismissed for failing to state a claim upon which § 1983 relief can be granted.

19   In addition, Plaintiff claims he was denied adequate medical care for several months

20   following his fall.  Where an inmate's claim is one of inadequate medical care, the inmate must

21   allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious

22   medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Such a claim has two elements:

23   "the seriousness of the prisoner's medical need and the nature of the defendant's response to that

24   need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds*

25   *by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997).  A medical need is serious

26   "if the failure to treat the prisoner's condition could result in further significant injury or the

27   'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429

28   U.S. at 104). Indications of a serious medical need include "the presence of a medical condition

1  that significantly affects an individual's daily activities." *Id*. at 1059-60.  By establishing the

2  existence of a serious medical need, an inmate satisfies the objective requirement for proving

3  an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

4       In general, deliberate indifference may be shown when prison officials deny, delay, or

5  intentionally interfere with a prescribed course of medical treatment, or it may be shown by the

6  way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838

7  F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that a inmate's civil rights have been

8  abridged with regard to medical care, however, "the indifference to his medical needs must be

9  substantial.   Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this

10  cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing

11  *Estelle*, 429 U.S. at 105-06).  *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

12       Here, Plaintiff seeks to hold liable Defendants Bishop and Shaft, both of whom are

13  physicians who examined Plaintiff following his fall. (*See* Compl. at 5-6.)  Plaintiff claims that

14  these Defendants "should have detected" his injuries but failed to do so. (*Id.*)  These claims do

15  not rise to the level of "deliberate indifference," instead Plaintiff frames these allegations as

16  negligence.  As stated above, inadequate treatment due to malpractice, or even gross negligence,

17  does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106.

18       Thus, Plaintiff's Eighth Amendment  inadequate medical care claims as to Defendants

19  Bishop and Shaft are dismissed for failing to state a claim upon which relief can be granted.

20       In addition, to the extent Plaintiff seek to sue Defendants based merely on their

21  supervisory positions, such allegations are insufficient to state a claim against these Defendants

22  because there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*,

23  9 F.3d 1433, 1437-38 (9th Cir. 1993).   Instead, "[t]he inquiry into causation must be

24  individualized and focus on the duties and responsibilities of each individual defendant whose

25  acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844

26  F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*,  423 U.S. 362, 370-71 (1976)).  In order

27  to avoid the respondeat superior bar, Plaintiff must allege personal acts by each individual

28  Defendant which have a direct causal connection to the constitutional violation at issue. *See*

1  *Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040, 1045 (9th

2  Cir. 1989).

3  Supervisory prison officials may only be held liable for the allegedly unconstitutional

4  violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what

5  extent they personally participated in or directed a subordinate's actions, and (2) in either acting

6  or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's

7  constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  As currently pleaded,

8  however, Plaintiff's Complaint fails to set forth facts which might be liberally construed to

9  support an individualized constitutional claim against Defendant McEwen.

10  Finally, it appears that Plaintiff may not have exhausted his administrative remedies as

11  to any of his Eighth Amendment inadequate medical care claims as required by 42 U.S.C.

12  § 1997e.  Plaintiff has attached some administrative grievances to his Complaint but they only

13  pertain to his claims against the correctional officers whom he claims were responsible for his

14  fall.  Plaintiff has not attached any administrative grievances relating to his claims of inadequate

15  medical care.  The plain language of 42 U.S.C. § 1997e(a) provides that no § 1983 action "shall

16  be *brought* . . . until such administrative remedies as are available are exhausted."  42 U.S.C.

17  § 1997e(a) (emphasis added).  The Ninth Circuit's decision in *McKinney v. Carey*, 311 F.3d

18  1198 (9th Cir. 2002)  holds that prisoners who are incarcerated at the time they file a civil action

19  which challenges the conditions of their confinement are required to exhaust "all administrative

20  remedies as are available" as a mandatory precondition to suit. *See McKinney*, 311 F.3d at 1198.

21  Section 1997e(a) "clearly contemplates exhaustion *prior* to the commencement of the action as

22  an indispensable requirement.  Exhaustion subsequent to the filing of the suit will not suffice."

23  *Id.* (quoting *Medina-Claudio v. Rodriquez-Mateo*, 292 F.3d 31, 36 (1st Cir. 2002)).

24  However, because non-exhaustion of administrative remedies as set forth in 42 U.S.C.

25  § 1997e(a) is an affirmative defense which defendant prison officials have the burden of raising

26  and proving, the Court is not dismissing Plaintiff's action on these grounds at this time. *See*

27  *Jones v. Bock,* 594 U.S. 199, 216 (2007).  The Court cautions Plaintiff, however, that this action

28

1  may later be dismissed if he files an Amended Complaint that contains claims that were not

2  exhausted at the time of filing.

3                                    **IV.**

4                          **CONCLUSION AND ORDER**

5       Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

6       1.      Plaintiff's Motion to Appoint Counsel is **DENIED** [ECF No. 3] without prejudice;

7       2.      Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is

8  **GRANTED**.

9       3.      The Secretary of California Department of Corrections and Rehabilitation, or his

10 designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee

11 owed in this case by collecting monthly payments from the account in an amount equal to twenty

12 percent (20%) of the preceding month's income and forward payments to the Clerk of the Court

13 each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

14 ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER

15 ASSIGNED TO THIS ACTION.

16      4.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,

17 Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,

18 Sacramento, California 95814.

19      **IT IS FURTHER ORDERED** that:

20      5.      Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C.

21 §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave

22 from the date this Order is filed in which to file a First Amended Complaint which cures all the

23 deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself

24 without reference to the superseded pleading.  *See* S.D. CAL. CIVLR 15.1.  Defendants not

25 named and all claims not re-alleged in the Amended Complaint will be considered waived.  *See*

26 *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint

27 fails to state a claim upon which relief may be granted, it may be dismissed without further

28

1     leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See*

2     *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

3           5.       The Clerk of Court is directed to mail a court approved § 1983 form complaint to

4     Plaintiff.

5

6     DATED: November 14, 2011

7

8                           **HONORABLE LARRY ALAN BURNS**
                            United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28